**Ali Diler SIMSIRDAG, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 19564.

United States Court of Appeals
Fifth Circuit.

March 21, 1963.

Edmond E. Talbot, Jr., New Orleans, La., for appellant.

Louis C. LaCour, U. S. Atty., Peter E. Duffy, Asst. U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

The appellant, Ali Diler Simsirdag, was convicted under an indictment

charging him with violation of the Narcotic Import Act, 21 U.S.C.A. § 176a, and the Marihuana Tax Act, 26 U.S.C.A. § 4744(a) (2). He was accused of aiding and abetting one Nuri Atil in concealing 2 ounces and 316 grains of marihuana in hashish form, and wilfully failing to pay the tax thereon. Simsirdag pleaded not guilty, was tried by a jury, and was sentenced to five years imprisonment. He seeks to have this conviction reversed upon the grounds that his motion for acquittal should have been granted, and that it was error for the trial judge to allow the Government to reopen its case for the purpose of introducing in evidence the marihuana seized.

█ In order for a person to aid and abet another in the commission of a crime, it is necessary that he associate himself with the unlawful venture, that he participate in it with the desire of accomplishment, and that he seek to make it succeed by his actions. Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1947); Hall v. United States, 5 Cir., 1960, 286 F.2d 676; Jasso v. United States, 5 Cir., 1961, 290 F.2d 671. The evidence in this case is abundantly sufficient to place Simsirdag into that category.

█ On September 15, 1961, United States Customs Officer Burns boarded the Turkish vessel, S. S. Anadolu, for the purpose of investigating smuggling activities aboard the vessel. After boarding the vessel, Officer Burns met an elderly gentleman and went to his room aboard ship where he met the appellant Simsirdag. Simsirdag spoke to the elderly gentleman in Turkish and then told Agent Burns that he could have 50, 75 or 100 bottles of liquor depending on how much cash he had. Simsirdag asked to see Agent Burns' car, which was parked some two blocks away. Simsirdag, Agent Burns and another Turkish seaman started walking toward the car when Simsirdag spoke to the other seaman in Turkish. He then turned around and asked Agent Burns if he would like to buy some hashish. Agent Burns asked him how much he had and the answer was about 200 grams which he would sell for "a hundred and a quarter". Agent Burns then agreed to buy saying, "Let's forget about the liquor." They proceeded to the automobile, drove back to the area of the ship and Agent Burns told the two seamen that he would wait in the car while they went to procure the hashish. While they were gone, Agent Burns radioed two other agents stationed in the area. Shortly thereafter Simsirdag approached the car under the guise of seeking a taxi and motioned to Nuri Atil and a third seaman to come. The men got in the car and just as soon as the car started moving, it was stopped by the Customs Agents who had been contacted by Agent Burns previously. At this time, Nuri Atil dropped a small package containing marihuana in hashish form on the floorboard of the automobile, but it was recovered by the Customs Officers. The three seamen were placed under arrest. It is clear from the foregoing that Simsirdag associated himself with the venture for the purpose of aiding in a sale of the marihuana. He was an aider and abettor within the language of Nye & Nissen v. United States, supra.

The government rested its case in chief before offering the seized marihuana in evidence. Shortly thereafter the defense moved for a directed verdict. Before the defense rested, the Government moved the trial court to allow it to reopen its case for the purpose of introducing the seized marihuana in evidence. The trial court allowed the case to be reopened and received the evidence. Simsirdag claims this was error.

██ It is within the sound discretion of the trial court to reopen a case and receive additional evidence. Reining v. United States, 5 Cir., 1948, 167 F.2d 362, cert. den. 335 U.S. 830, 69 S.Ct. 49, 93 L.Ed. 383. In this case the omission of the Government to introduce the marihuana was through mere inadvertence.

We hold that the trial court did not abuse its discretion and no prejudicial error was committed.

The judgment of conviction is affirmed.