**Alton TURNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25526.**

United States Court of Appeals, Fifth Circuit.

March 19, 1971.

Alan G. Greer, Frates, Floyd, Pearson & Stewart, Miami, Fla., for plaintiff-appellant.

---

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970.)

Alan R. Schwartz, Miami, Fla., for appellant.

Morton Orbach, Asst. U. S. Atty., Miami, Fla., for appellee.

## ON PETITION FOR REHEARING

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

PER CURIAM:

Government's Motion for Rehearing is granted. On original submission Appellant's conviction was reversed on his Fourth Point, charging improper and prejudicial argument by the Assistant United States Attorney in his closing remarks to the jury, Circuit Judge Thornberry dissenting, Turner v. United

738

States, 5 Cir., 1969, 415 F.2d 1234. The opinion of Taylor, District Judge, is withdrawn and that of Judge Thornberry substituted as the opinion of the panel on Appellant's Fourth Specification of Error. This holding necessitates a ruling on Appellant's other points of error.

By his First Specification of Error Appellant asserts that the trial judge should have directed a verdict for the defendant on the ground that the evidence of a "controlled sale", based upon the testimony uncorroborated on key points of an addict-felon-informer was insufficient as a matter of law to establish defendant's guilt beyond a reasonable doubt. In passing upon sufficiency of evidence questions the Court must, of course, apply the familiar rule that the evidence must be considered in a light most favorable to the government. And if there is substantial evidence to support the verdict the conviction must be affirmed. Glasser v. United States (1944), 315 U.S. 60, 80, 62 S. Ct. 457, 86 L.Ed. 680, 704; Gilliland v. United States (5th Cir. 1967), 385 F.2d 912; Gorman v. United States (5th Cir. 1963), 323 F.2d 51, 52; United States v. Piercefield (5th Cir. 1971), 437 F.2d 1188. The basic facts are stated in the opinion filed on original submission. Appellant's main complaint is that (a) the agents did not and could not keep the informer in sight at all times so as to exclude the possibility or likelihood of Tony having secured the narcotics from someone else or merely be picking them up in the back yard of the house, (b) they did not make an immediate arrest to find any money in Alton Turner's possession and did not even see Alton Turner on the day in question, and (c) the carefulness of the search of Tony Turner before he went into the house was questionable. Appellant relies upon Panci v. United States, 256 F.2d 308, 312 (5th Cir.). It is true that the government agents were unable to view the transaction between the government informer and Appellant. Agent Navarro did testify that through the Kell device he heard the informer walk in one continuous motion toward the back of the house, that he heard the doorbell ring, heard part of the conversation regarding the sale and the words "sell them" used by the other person, and heard Tony (the informer) ask to use the bathroom and in fact heard the bathroom toilet being flushed. Agent Navarro did describe the other voice as a male voice which appeared to sound like a feminine voice, not deep, high pitched, and without accent, a clear voice; thus, when the defendant took the stand the jury had an opportunity to evaluate Navarro's description of the voice he heard. The facts in Panci are not analogous to this case. In Panci no one testified that a brown paper bag had narcotics in it when it was allegedly transferred by the defendant. Here, the informant positively identified the six capsules which were transferred to him by the defendant. The fact that defendant was not arrested until months after the occurrence of the event charged here appears to be of no import because at that time he did not have in his possession any of the official funds supplied the informant for the purpose of making the purchases. United States v. Mims, 340 F.2d 851 (7th Cir. 1965). The testimony of the informer is sufficiently and adequately corroborated by the testimony of the agents. Conflicts in the evidence, as well as credibility of the witnesses, are for resolution by the trier of the facts. Glasser v. United States, supra, and viewing the evidence and the reasonable inferences which may be drawn therefrom in the light most favorable to the government, it appears that the evidence is sufficient and Appellant's First Specification of Error is accordingly overruled.

Appellant's Second Specification of Error is that the trial judge committed prejudicial error in refusing to permit the defendant to take the stand in surrebuttal to counter the identification testimony of an unlisted government witness presented in rebuttal. Appellant presented a vigorous alibi defense maintaining that at the time of

the offense, June 10, 1966, he was in Atlantic City, New Jersey, and had been out of the Miami area since June 5, 1966. The government called two witnesses in rebuttal, to-wit, H. Williams, Appellant's landlord, who testified that he had receipts for Appellant's rent dated June 11, 1966 and one dated June 18, 1966, and Police Officer L. C. Smith, who testified that he had seen Defendant Alton Turner on June 14, 1966. After the government closed, defendant's attorney stated that he would like to put the defendant back on the stand. The Court stated that the government has rebuttal because it has the burden of proof and "the defendant is not permitted rebuttal". Appellant admits that it is within a proper exercise of the trial court's discretion to permit a reopening of either the government's case or that of the defendant after the other side has rested and relies mainly upon Dixon v. United States (5th Cir. 1964), 333 F.2d 348, and upon 23 C.J.S. Criminal Law § 1053, page 1229, to the effect that "where new matter has been introduced by the state in rebuttal of an alibi defense the defendant may rebut the same on surrebuttal". The testimony of the government's rebuttal testimony in this case does not appear to us to be "new". The government had maintained throughout that the Defendant Turner was in Miami during the commission of the offense and the testimony of the two rebuttal witnesses simply goes to corroboration of that fact. In the event defendant had been allowed to take the stand at the surrebuttal he would only have been able to reiterate what he and others had testified to previously and that was to the effect that he had not been in Miami since June 5, 1966. It appears well settled that the reopening of a case to receive additional evidence is within the Trial Court's discretion. See Simsirdag v. United States (5th Cir. 1963), 315 F.2d 230. While the government and defense counsel did exchange the names of proposed witnesses, this is not required under the Federal Rules of Criminal Procedure. The furnishing of the names of witnesses to the defendant is required only in capital cases by statute. 18 U.S.C. § 3432. Even this statutory provision does not contemplate the names of witnesses whose testimony is intended to disprove the defendant's defense. United States v. Rosenberg, (2nd Cir. 1952), 195 F.2d 583. It does not appear under the facts in this case that the Trial Court abused its discretion in denying surrebuttal by defendant and defendant's Second Specification of Error is also overruled.

■ Appellant's Third Specification of Error contends that the trial judge committed prejudicial error in denying defense counsel the right to recross-examination of the informant. Appellant relies upon Dixon v. United States, supra, and Grant v. United States, (5th Cir. 1966), 368 F.2d 658. The Grant case holds that the "scope of cross-examination and the limits upon it are committed to the discretion of the trial court and will not be interfered with by an appellate court absent an abuse of discretion". Dixon is authority for the proposition that the right of cross-examination should not be terminated before it could be exercised. This record shows 56 pages of full, searching, and competent cross-examination of the government informer, and it does not appear that the Trial Court abused its discretion in denying recross-examination. Appellant's Third Specification of Error is accordingly overruled.

Appellant's Fourth Specification of Error has been disposed of by Judge Thornberry's Opinion which has become the ruling of this panel on that point.

Appellant's Fifth Specification of Error asserts that the cumulative effect of the errors complained of requires the granting of a new trial. Appellant was entitled to a fair trial, not a perfect one, United States of America v. Ragsdale, 438 F.2d 21 (5th Cir., 1971), and from what has heretofore been said this Court holds that there was no reversible error in the matters complained of and accord-

ingly Appellant's Fifth Specification of Error is without merit.

Motion for rehearing[1] granted and affirmed.

---

1. The Government has withdrawn its motion for rehearing en banc. We therefore take no action and enter no order regarding it.

