**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jane DOE, a/k/a "Frankie Mae," Defendant-Appellant.**

No. 73-2482

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1973.

Robert P. Cates, Gainesville, Fla. (Court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Robert L. Crongeyer, Jr., Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant was convicted in a jury trial on June 11, 1973 of distribution of heroin (21 U.S.C.A. § 841(a)(1)). Appeal is taken on two points: (1) That reversible error was committed by the trial court in allowing a photograph to be introduced during the Government's rebuttal testimony, and (2) that it was error

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

to prevent the defendant from testifying in surrebuttal to the Government's rebuttal testimony. Finding no reversible error we affirm.

At the trial a special agent for the Federal Bureau of Narcotics and Dangerous Drugs, Ellis Dean, testified that on November 8, 1972, he went to a residence in Gainesville, Florida, where he met the defendant Frankie Mae Jones. In exchange for seventy five dollars ($75.00) Dean received five packets of a white powder subsequently analyzed to be heroin. Dean gave a full account of the transaction and identified Frankie Mae as the person who had given him the heroin.

The defense consisted of an alibi with testimony solicited from the defendant and four relatives or friends who stated that Frankie Mae was in Boynton Beach, Florida, on November 8, 1972, visiting her father. In an attempt to rebut the alibi, the Government called Clarence Thomas as a witness. Thomas was a confidential informant for the Bureau of Narcotics and Dangerous Drugs and was present during the exchange on November 8, 1972. He testified that Frankie Mae passed the heroin packets to Agent Dean in exchange for seventy five dollars ($75.00). Agent Dean then was called back to the stand as a rebuttal witness. At this time he produced a photograph which he had confiscated from the house when he returned on December 8, 1972, to arrest Frankie Mae. Dean took the photograph because it pictured the individual who had sold him the heroin on November 8, 1972. The person in the photograph was Frankie Mae.

It is within the sound discretion of the trial court to receive additional evidence after closing of the case-in-chief. Simsirdag v. United States, 5 Cir., 1963, 315 F.2d 230. The acceptance of the photograph into evidence did not broaden the scope of the Government's case. The defendant had presented a vigorous alibi defense to which Thomas and Dean responded. The issue of the rebuttal centered solely on establishing the proper identification of Frankie Mae.

 Since testimony during rebuttal created nothing new, the trial court's refusal to allow surrebuttal by the defendant was proper. Turner v. United States, 5 Cir., 1971, 441 F.2d 736. Additional testimony by the defendant would have provided the trial with a mere reiteration of her previous alibi defense.

Affirmed.