UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl Eugene SADLER and Michael
Alfred Brandes, Defendants-
Appellants.

No. 72–3797.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1974.

Murray M. Silver, Atlanta, Ga. (Court-appointed), for Michael Brandes.

Robert W. Rust, U. S. Atty., Barbara E. Vicevich, Kerry J. Nahoom, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, DYER and GEE, Circuit Judges.

PER CURIAM:

■ Appellants Sadler and Brandes were tried before a jury in the United States District Court for the Southern District of Florida and found guilty of conspiracy to possess with intent to distribute some 80 pounds of marijuana, in violation of 21 U.S.C. § 846. Upon considering their appeal to this court, we find only two contentions which merit comment: (1) that the jury charge on entrapment was improperly phrased in terms of "lawful" and "unlawful" entrapment, and (2) that the court erred in not allowing the defense to introduce evidence in surrebuttal. After deliberating these and other issues not herein discussed,[1] however, we conclude that their convictions must be upheld.

■ We recognize that the court below did not heed our warning in United States v. Groessel, 440 F.2d 602, 607 (5th Cir. 1971), that utilization of such terms as "lawful entrapment" and "unlawful entrapment" may confuse the jury. But we also note that defense counsel failed to call this flaw to the court's attention. Instead he requested a lengthy and somewhat redundant series of instructions which placed undue emphasis on the entrapment defense and which themselves made reference to "unlawful entrapment." Under such circumstances we cannot say that the charge constituted plain error under Rule 52, Federal Rules of Criminal Procedure.

■ Appellants complain that the trial court erred in allowing the government to put its informer on the stand in "rebuttal" without permitting them to introduce evidence in "surrebuttal" to contradict and impeach his testimony. In order to evaluate this complaint, we begin with the general rule that whether material evidence which could have been received as part of the case in chief should be admitted in rebuttal lies solely within the discretion of the trial court. See Rodella v. United States, 286 F.2d 306, 309 (9th Cir. 1960), and cases cited therein. The court may properly decide that the prosecution should be allowed to rebut testimony by defense witnesses but that it should not be allowed to go into new matter which would prompt a surrebuttal by the defense. Indeed, this seems the most efficient manner of conducting, and terminating, a trial.

■ Prejudice occurs only if the prosecution witness goes beyond rebuttal and injects fresh issues on which the defendant is denied the right to present evidence. By objection, defense counsel should call to the court's attention that a prosecution witness is going into new material which, if admitted, raises questions of rebuttal by the defense. If defense counsel makes no such objection, but waits until the prosecution witness steps from the stand, the court may properly require him to point out the new matter covered and show how he intends to refute it. The objective is efficiently to conclude a trial when each side has had the opportunity to present his view of all issues fairly raised.

■ Here the government refrained from calling the informer who negotiated the deal until his testimony became necessary to rebut the picture painted by the appellants and their two co-defendants when they took the stand. His testimony covered the same course of negotiations as that of the defendants—differing only in his portrayal of their willingness to make the sale.

---

1. For our response to the argument that the trial court erred in refusing to grant defendants' motion to inspect the grand jury minutes, see our opinion in United States v. Newcomb, 488 F.2d 190 (1974), disposing of the appeal of co-conspirators from their separate trial.

When defense counsel attempted to put on additional evidence, the trial judge faced a situation very similar to the one analyzed in Turner v. United States, 441 F.2d 736 (5th Cir. 1971). There the defendant had presented a vigorous alibi defense maintaining that he was not in the area of the crime when it was committed. The government called two witnesses, the defendant's landlord and a police officer who had seen him, to testify in rebuttal of this contention. The Fifth Circuit upheld the trial court's refusal to allow the defendant back on the stand, stating:

> Appellant admits that it is within a proper exercise of the trial court's discretion to permit a reopening of either the government's case or that of the defendant after the other side has rested and relies mainly upon Dixon v. United States (5th Cir. 1964), 333 F. 2d 348, and upon 23 C.J.S. Criminal Law § 1053, page 1229, to the effect that "where new matter has been introduced by the state in rebuttal of an alibi defense the defendant may rebut the same on surrebuttal". The testimony of the government's rebuttal testimony in this case does not appear to us to be "new". The government had maintained throughout that the Defendant Turner was in Miami during the commission of the offense and the testimony of the two rebuttal witnesses simply goes to corroboration of that fact. In the event defendant had been allowed to take the stand at the surrebuttal he would only have been able to reiterate what he and others had testified to previously and that was to the effect that he had not been in Miami since June 5, 1966.

441 F.2d at 739. When essentially the same question arose again recently in United States v. Doe, 488 F.2d 93 (5th Cir. 1973), this court adhered to the reasoning of the *Turner* decision. We do so here as well.

Defense counsel at no time during the informer's testimony objected on the basis of his going into new matter. When, after cross-examining the informer, defense counsel attempted to present more testimony, the court gave him the opportunity to demonstrate why additional evidence was necessary. This he was unable to do. He pointed to no new ground covered by the informer's testimony and gave no indication that his witnesses would do more than reiterate the evidence presented in the case in chief. Now, on appeal, we are told that, given the chance, defendant would have impeached the informer's testimony by showing that he was a user of narcotics with needle marks on his arm. If this intention had been made known to the trial judge, he might have felt obligated to admit the impeaching evidence. Unfortunately, it was not. In passing we are puzzled why, if the question of the informer's drug use occurred to defense counsel at trial, he did not explore this subject on cross-examination. The court below properly drew the line short of surrebuttal.

Affirmed.