892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Clifford HAMLIN, Defendants-Appellant.
 No. 89-30026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Dec. 14, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hamlin appeals his conviction on one count of distribution of cocaine, 21 U.S.C. § 841(a)(1), asserting that the district court erred in admitting evidence of a subsequent similar act, refusing his request for continuance, and denying his motion for new trial.
 
 
 3
 Hamlin took the stand and testified that he had no knowledge that a sale of cocaine was taking place and no intent to sell cocaine. On cross-examination he denied ever selling cocaine but admitted to being present at a subsequent transaction. Over objection, the government called a witness to testify in rebuttal about the specific events that occurred during the July transaction, including that Hamlin acted with knowledge and intent. Another witness established that the substance bought in that transaction was cocaine. Hamlin's motion for a continuance in order to develop testimony regarding the July transaction was denied.
 
 
 4
 We review each of Hamlin's assignments of error for abuse of discretion. United States v. Alfonso, 759 F.2d 728, 739 (9th Cir.1985) (admission of evidence); Frank Briscoe Co., Inc. v. Clark County, 857 F.2d 606, 611 (9th Cir.1988), cert. denied, 109 S.Ct. 1957 (1989) (continuance); United States v. Aguon, 851 F.2d 1158 (9th Cir.1988).
 
 
 5
 Regardless whether extrinsic evidence of Hamlin's involvement in the subsequent transaction was admissible under Rule 608(b), see United States v. Batts, 558 F.2d 513 (9th Cir.1977), under the circumstances it was admissible pursuant to Fed.R.Evid. 404(b) for the purpose of showing Hamlin's knowledge and intent. United States v. McCollum, 732 F.2d 1419, 1425 (9th Cir.1984). Evidence of the July transaction had substantial probative value. See United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982). The two transactions occurred within a seven month period. Hamlin's knowledge and intent were the same for both transactions. McCollum, 732 F.2d at 1424. And the two transactions were almost identical. Although the judge did not explicitly engage in a Rule 403 balancing test, he noted that the area had initially been raised by defendant. Finally, while a limiting instruction is generally required, the court's offer was rejected for strategic reasons. It was therefore not error to admit the evidence.
 
 
 6
 Nor was it error to deny Hamlin's motion for continuance. At a minimum, Hamlin must show that he suffered actual prejudice. Armant v. Marquez, 772 F.2d 552, 556-57 (9th Cir.1985). He has not carried this burden. At trial, Hamlin was given full latitude to explain the July transaction. He admitted participation but denied that the sale of cocaine was involved. The government produced an expert witness who identified the substance as cocaine. Hamlin's counsel cross-examined this witness. Since Hamlin made no showing of any additional information that would be disclosed had the continuance been granted, United States v. Hernandez, 608 F.2d 741, 746 (9th Cir.1979), there was no abuse of discretion.
 
 
 7
 Because there was no error in admission of evidence or denial of defendant's request for continuance, the motion for new trial was properly denied.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3