Donald M. JOHNSON, Petitioner–
Appellant,

v.

I.C. HENRY, Respondent–Appellee.

No. 99–17013.
D.C. No. CV–97–01461–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 21, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM [2]

California state prisoner Donald M. Johnson appeals from the district court's denial of his § 2254 habeas petition challenging his conviction for one count of second degree murder, and four counts of attempted second degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ In order to obtain habeas relief, Johnson must demonstrate that the state court adjudication of the merits of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.) *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000) (requiring reversal only when an "independent review of the legal question ... leaves us with a firm conviction that one answer, the one rejected by the court, was correct and the other, the application of the federal law that the court adopted, was erroneous—in other words that clear error occurred").

■ Johnson first contends that the application of a criminal street gang sentencing enhancement to his conviction for second degree murder was supported by insufficient evidence. This contention lacks merit.

Because the record shows that the prosecution offered testimony establishing each element of the criminal street gang enhancement, the state court's determination that application of the enhancement was

supported by sufficient evidence, was not contrary to or an unreasonable application of federal law. The district court therefore properly denied relief as to this issue. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (concluding that federal relief on an insufficient evidence claim is available only if upon viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof beyond a reasonable doubt).

■ Johnson also contends that his due process rights were violated because the application of the criminal street gang enhancement was based upon inadmissible hearsay. This contention also lacks merit. The state court determined that the challenged hearsay was admissible because it was offered by an expert, concerned his investigation of previous violent crimes committed by the gang with which Johnson was associated, and was the type of information reasonably relied upon by such experts in forming opinions concerning gang activity. This determination was not contrary to established federal law. Fed.R.Evid. 703 (providing that the facts or data upon which an expert bases her opinion need not be admissible in evidence if of a type reasonably relied upon by experts in the particular field), *see also United States v. McCollum*, 732 F.2d 1419, 1422 (9th Cir.1984) (applying Rule 703 to affirm the admission of expert testimony based on hearsay).

■ To the extent that Johnson contends he was denied his Sixth Amendment right to confront witnesses, this contention also lacks merit. The record shows that Johnson's right to confrontation was not violated because his counsel extensively

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

cross examined the prosecution's gang expert, and Johnson has made no claim that his counsel did so ineffectively. *See United States v. Beltran–Rios,* 878 F.2d 1208, 1213 (9th Cir.1989) (stating that where a defendant is given ample opportunity to examine an expert whose opinion is based in part on hearsay, no confrontation clause violation occurs).

Because the state court's decision was neither contrary to, nor an unreasonable application of clearly established law, the district court properly denied Johnson's habeas petition. *See Van Tran v. Lindsey,* 212 F.3d at 1153–54.

AFFIRMED.