Victor Hugo Valencia VILLEDA; Maria Luisa Hernandez; Daniel Valencia, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73932.
Agency Nos. A74–796–104, A74–796–103, A74–796–102.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided March 3, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Patricia A. Hubbard, Phoenix, AZ, John Cunningham, gov, U.S. Dept. of Justice, Fraud Section/Criminal Div., Washington, DC, Amy J Oliver, Brown & Bain, Phoenix, AZ, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John Cunningham, Gov, U.S. Dept. of Justice, Fraud Section/Criminal Div., Washington, DC, District Director, Immigration & Naturalization Service, Phoenix, AZ, James R. Grimes, Mary Jane Candaux, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Margaretta Eakin, for Respondent.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Petitioners Victor Hugo Valencia Villeda, Maria Luisa Hernandez, and Daniel Valencia ("Petitioners"), Mexican nationals, petition for review of the Board of Immigration Appeals ("BIA")'s decision affirming the Immigration Judge ("IJ")'s denial of their applications for asylum, withholding of deportation, and suspension of deportation.[1] Petitioners contend that the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioners do not address the IJ's denial of their claim for suspension of deportation on appeal, and thus appear to have abandoned

that argument. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") abolished suspension of deportation relief and replaced it

IJ erred in finding that they were not entitled to asylum based on the past persecution they suffered on account of their religious beliefs. Further, Petitioners contend, the IJ deprived them of due process by denying their third motion for a continuance, and by admitting the Government's previously undisclosed rebuttal evidence on the day of their evidentiary hearing. We conclude that substantial evidence supports the IJ's findings that Petitioners could reasonably relocate internally within Mexico, and that the IJ did not abuse its discretion in denying Petitioners' third request for a continuance and in admitting the Government's rebuttal evidence. Accordingly, we deny the petition for review.

## I

Because the parties are familiar with the facts, we repeat them here only as is necessary to our disposition. We review a decision of the BIA that an alien is not eligible for asylum or withholding of removal under the substantial evidence standard. *Baballah v. Ashcroft,* 335 F.3d 981, 987 (9th Cir.2003). As such, the BIA's determination "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4) (repealed 1996)). In order to prevail under this standard, a petitioner must demonstrate "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84. Further, because the BIA affirmed the IJ's decision without opinion, we treat the IJ's decision

as the BIA's decision for purposes of review. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003).

■ Petitioners contend that the IJ erred in finding that they were not subjected to past persecution and thus not entitled to asylum pursuant to 8 U.S.C. § 1158(b)(1). We need not resolve this issue because the IJ also held that Petitioners could reasonably relocate to another part of Mexico. After reviewing the record, we conclude that the IJ correctly determined that the Government carried its burden of proving that Petitioners could reasonably relocate within Mexico. *See INS v. Ventura,* 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("[A]n individual who can relocate safely within his home country ordinarily cannot qualify for asylum.") (citing 8 C.F.R. § 208.13(b)(1)(i)(B)).

The IJ's finding that Petitioners "should be able to relocate within their country in order to avoid" future persecution is supported by evidence in the record showing that as of 1998 there were over 800,000 members of the Mormon Church in Mexico. The 1997 U.S. Department of State Profile of Asylum Claims and Country Conditions for Mexico also states that "internal relocation to another part of Mexico is almost always a viable alternative to international flight" in cases of religious discrimination since in that country such discrimination tends to be localized. Further, Petitioners testimony indicated that Ms. Hernandez had returned to Mexico in December 1989 to give birth. The record also shows that Mr. Valencia Villeda's parents, who were Mormon, successfully

with cancellation of removal. Suspension of deportation relief is unavailable to Petitioners because the INS issued Petitioners' notices to appear after IIRIRA's effective date of April 1, 1997. *Ramirez–Zavala v. Ashcroft,* 336 F.3d 872, 874 (9th Cir.2003) (suspension of depor-

tation relief no longer available under IIRIRA); *Cortez–Felipe v. INS,* 245 F.3d 1054, 1056 (9th Cir.2001) (aliens whose proceedings are commenced with a notice to appear on or after April 1, 1997 are subject to removal proceedings under IIRIRA).

avoided further contact with Javier, the Mexico City gang member who tormented them as well as Petitioners, by relocating to the State of Hidalgo. As such, substantial evidence supports the IJ's finding that relocation within Mexico is a reasonable option for Petitioners. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir. 2003) ("[T]he IJ may deny eligibility for asylum to an applicant who has otherwise demonstrated a well-founded fear of persecution where the evidence establishes that internal relocation is a reasonable option under all of the circumstances."). Thus, the IJ did not err in denying Petitioners' applications for asylum, withholding of deportation, and suspension of deportation. *See Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998) (stating that because the withholding of deportation standard is more stringent than the well-founded fear standard applicable to asylum claims, failure to qualify for asylum necessarily entails failure to qualify for withholding of deportation).

## II

■ Petitioners also assert that the IJ deprived them of their due process rights when it denied their third request for a continuance. An IJ's decision to grant or deny a continuance is "vested in the sound discretion of the trial judge and reviewed under an abuse of discretion standard." *Barapind v. Reno,* 225 F.3d 1100, 1113 (9th Cir.2000). Petitioners have failed to show that the IJ abused its discretion in denying their third request for a continuance. Petitioners were apprised of the March 18, 1999 hearing date on October 20, 1998 when they appeared before the IJ and conceded removability. Petitioners' attorney had fifteen days from the time she moved for substitution and a continuance to prepare for the evidentiary hearing. Furthermore, Petitioners have failed to show that they were prejudiced by the IJ's denial of their motion for a continuance. *See Perez–Lastor v. INS,* 208 F.3d 773, 777 (9th Cir.2000) (requiring that an alien show prejudice to establish a due process claim).

■ Finally, Petitioners contend that the IJ erred in admitting into evidence the 1997 U.S. Department of State Profile of Asylum Claims and Country Conditions for Mexico, a news article on the Mormon Church in Mexico, and a graph showing the growth of Mormon Church membership in Mexico. A trial court has broad discretion to admit or exclude rebuttal evidence. *United States v. McCollum,* 732 F.2d 1419, 1426 (9th Cir.1984). The exhibits admitted by the IJ were relevant to rebut the presumption that Petitioner had a well-founded fear of future persecution by showing that internal relocation was a reasonable option for petitioners. *See Chanchavac v. INS,* 207 F.3d 584, 592 (9th Cir.2000) (stating that the Government "may rebut the presumption, arising from proof of past persecution, that the petitioner has a well-founded fear of future persecution on account of a protected ground by showing that conditions in the applicant's home country have changed"). Moreover, due process does not require that the Government disclose unfavorable evidence to a defendant prior to trial. *See Weatherford v. Bursey,* 429 U.S. 545, 559–60, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (stating, in the criminal context, that there is no general constitutional right to pretrial discovery of unfavorable evidence). Thus, the IJ did not abuse its discretion in admitting the Government's rebuttal exhibits into evidence.

The petition for review is **DENIED.**