FILED

**NOT FOR PUBLICATION**

JUL 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10458 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00032-CRB-1 |
| v. | |
| DEMAURIAE NOLAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 12, 2011[**]
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and WRIGHT, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Otis D. Wright, II, United States District Judge for the Central District of California, sitting by designation.

Demauriae Nolan appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly denied Nolan's mid-trial motion to suppress.  In context, his mid-interview statement that "I guess I have to, you know, get a lawyer or something because we're not coming to an understanding here" was not an unequivocal request for counsel.  *See Davis v. United States*, 512 U.S. 452, 459, 462 (1994); *see also Anderson v. Terhune*, 516 F.3d 781, 788 (9th Cir. 2008) (en banc); *Clark v. Murphy*, 331 F.3d 1062, 1071 (9th Cir. 2003) (citing *Burket v. Angelone*, 208 F.3d 172, 198 (4th Cir. 2000)).

The district court did not abuse its broad discretion in permitting the government to introduce portions of Nolan's post-arrest confession during the rebuttal phase of trial, as the confession tended to counter much of the evidence that Nolan offered in support of his justification defense.  *See United States v. McCollum*, 732 F.2d 1419, 1426 (9th Cir. 1984) ("A trial court has broad discretion to admit or exclude rebuttal or surrebuttal evidence.").

The district court also acted within its discretion by excluding various defense evidence on the basis of irrelevance, hearsay, prejudice, undue consumption of time, and juror confusion.  Nolan's proffered evidence of the

prevalence of neighborhood gang violence in the Bayview-Hunter's Point area, and his personal experience with such violence, were not relevant to his justification defense. *See* Fed. R. Evid. 401; *United States v. Wofford*, 122 F.3d 787, 789-90 (9th Cir. 1997). Nolan's proffered evidence of the reason why he borrowed a vehicle on the day of his arrest was inadmissible hearsay that did not qualify for any recognized exception to the hearsay rule. *See* Fed. R. Evid. 801(c); 802; 803. And Nolan's proffered evidence of the police department's failure to obtain a surveillance video of the wrecking yard where his arrest occurred was irrelevant because the propriety of the government's investigation was not "of consequence to the determination of the action." *See* Fed. R. Evid. 401; *Wofford*, 122 F.3d at 789-90 .

The district court also acted within its discretion in excluding expert testimony regarding Nolan's mental state after he crashed his vehicle and fled from police. Such testimony constituted "expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt." Fed. R. Crim. P. 12.2(b). As such, Nolan was required to notify the government in writing of his intention to call the expert at trial. *Id.* Because Nolan did not comply with this requirement, the district court acted within its authority to exclude the expert testimony at trial. Fed. R. Crim. P. 12.2(d)(1)(A).

Finally, we reject Nolan's argument that the cumulative effect of the district court's evidentiary rulings violated his right to present a meaningful defense under the Fifth and Sixth Amendments. Although "the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006) (citing Fed. R. Evid. 403). The Constitution also "permits judges to exclude evidence that is repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues." *Id.* at 326-27 (internal quotation marks and alterations omitted). Because the district court acted within its discretion in excluding the evidence at issue under well established rules of evidence and criminal procedure, no constitutional rights were violated.

**AFFIRMED.**