**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30012 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05295-RBL-2 |
| v. | |
| STEVEN ALLEN MCCRACKEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 7, 2014
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Steven Allen McCracken appeals his conviction for conspiracy to distribute

methamphetamine and possession with intent to distribute methamphetamine.

McCracken argues that the district court erred in denying his attorney's motion to

withdraw. He contends that the district court denied him his choice of counsel and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

right to self-representation by refusing to allow him to either retain substitute counsel or represent himself. McCracken further asserts that the district court erred in admitting evidence of his past drug dealing and that it impermissibly allowed the government to constructively amend the indictment in several respects. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

**1.** In reviewing a motion to substitute counsel, "we consider three factors: "(1) the adequacy of the district court's inquiry; (2) the extent of the conflict between the defendant and counsel; and (3) the timeliness of defendant's motion." *United States v. Reyes-Bosque*, 596 F.3d 1017, 1033 (9th Cir. 2010). Here, although its tone may have been overly harsh at times, the district court allowed McCracken and his appointed counsel to speak at length. McCracken's request for substitute counsel, which was far from clear, would have entailed significant inconvenience and delay because he had not retained substitute counsel. *See United States v. Corona-Garcia*, 210 F.3d 973, 977 (9th Cir. 2000) (noting that the motion to substitute counsel would cause inconvenience and delay to the court and prosecution because, among other reasons, the defendant "had no other counsel waiting to substitute").

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

The extent of the conflict between McCracken and his lawyer was not "extensive" or "irreconcilable," and McCracken did not allege as much. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 943 (9th Cir. 2009). Rather, McCracken wanted his appointed counsel to present a number of affirmative defenses that counsel thought were untenable. We have indicated that differences in trial strategy may not arise to the level of a serious conflict of interest where, as here, the petitioner and his attorney continue to communicate. *See Corona-Garcia*, 210 F.3d at 977. Indeed, McCracken's counsel was still able to put on a vigorous defense at trial.

Furthermore, although the Sixth Amendment provides a defendant who can hire his own attorney with a right to be represented by the attorney of his choice, *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010), "[w]here substitution would result in delay, the defendant may replace existing counsel with retained counsel, but . . . may do so only upon a showing of good cause." *Id.* at 984–85 (Fisher, J., concurring). Here, McCracken's request would have resulted in delay and was otherwise not supported by good cause. McCracken had not actually retained substitute counsel, the defenses that appointed counsel refused to present were likely baseless, and the motion was not made until six days before trial. *See Miller v. Blacketter*, 525 F.3d 890, 896–98 (9th Cir. 2008).

3

The district court did not violate any of McCracken's constitutional rights in denying his request for substitute counsel.

**2.** A criminal defendant has a constitutional right to self-representation, but only if the defendant asserts the right without equivocation. *Mendez-Sanchez*, 563 F.3d at 945. Here, McCracken asked a number of questions about representing himself and repeatedly complained about his current and former counsel. However, our review of the record confirms that McCracken never unequivocally asserted his right to self-representation.

**3.** The district court did not abuse its discretion when it allowed the government to introduce evidence of McCracken's prior drug deals and convictions. Pursuant to Federal Rule of Evidence 404(b), prior crimes and wrongs acts "may be admitted to refute a duress defense." *United States v. Verduzco*, 373 F.3d 1022, 1029 (9th Cir. 2004). McCracken placed his mental state in issue. The drug sales and other acts at issue here were highly probative because they showed that McCracken had sold methamphetamine and other drugs on numerous occasions in the past, including before he met the person who he claimed threatened him. In *Verduzco*, we reiterated that "[w]here the mental state to be inferred from undisputed overt acts of a defendant is the crucial issue, evidence of past criminal acts has generally been found insufficiently prejudicial to

4

warrant exclusion." *Id*. at 1030 (quoting *United States v. McCollum*, 732 F.2d 1419, 1425 (9th Cir. 1984)). The lack of prejudice to McCracken is reinforced by the fact that McCracken's counsel stated in his opening statement that McCracken was a part of the drug world, had convictions, and had spent time in prison.

**4.** McCracken asserts that the district court impermissibly allowed the government to constructively amend the indictment and allowed the jury to convict him: (a) of prior acts dating back to 1998; (b) of aiding and abetting the drug conspiracy or possession with intent to distribute even if some other drug was at issue; and (c) of conspiracy to distribute a different drug (i.e. dihydroxy-methamphetamine).

"A constructive amendment occurs when the defendant is charged with one crime but, in effect, is tried for another crime." *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004). In other words, a constructive amendment "occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) (internal quotation marks and citations omitted). Although a constructive amendment requires reversal, "a variance does not, unless it prejudices the defendant's substantial rights." *United States v. Hartz*, 458 F.3d 1011, 1020 (9th Cir. 2006). Furthermore,

5

"evidence not referenced in the indictment may be admitted for impeachment or other legitimate purposes, without effecting any changes to the indictment." *United States v. Bhagat*, 436 F.3d 1140, 1146 (9th Cir. 2006) (internal quotation marks and citation omitted).

The admission of evidence concerning McCracken's prior drug dealing did not effect a constructive amendment because it was admissible to refute his duress defense. *See* Fed. R. Evid. 404(b). The typographical errors in the jury instructions did not effect a constructive amendment because, when viewed as a whole, the instructions and verdict forms were not misleading or inadequate to guide the jury's deliberations. *See United States v. Anderson*, 741 F.3d 938, 948 (9th Cir. 2013). Also, the government's vague suggestion in its closing argument that dihydroxy-methamphetamine was the same as methamphetamine did not constructively amend the indictment to allow the jury to convict McCracken of a different crime. *See Ward*, 747 F.3d at 1191 (declining to find a constructive amendment where the indictment "simply contains superfluously specific language describing alleged conduct irrelevant to the defendant's culpability under the applicable statute"). Here, the only evidence in the record indicated that dihydroxy-methamphetamine was a legal substance. Moreover, the jury instructions required that the government prove that McCracken "knowingly

6

distributed methamphetamine," and the only drug that McCracken was alleged to have possessed was methamphetamine.

**AFFIRMED**.