**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50060 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-03707-BEN-1 |
| v. | |
| JUAN VALDERAMA-MANCILLA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted June 7, 2021
Pasadena, California

Before:  MURGUIA, BADE, and LEE, Circuit Judges.

Juan Valderama-Mancilla ("Valderama") appeals his conviction following a

jury trial for felony attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1)

and attempted illegal reentry in violation of 8 U.S.C. § 1326(a).  Valderama

contends that the prosecutor improperly referred to his "post-arrest silence" at trial

and urged the jury to draw propensity inferences from his prior illegal entries and

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

removals.  He also appeals the district court's denial of his motion under

8 U.S.C. § 1326(d) to dismiss the attempted reentry charge on the ground that the

underlying removal order from 1998 was invalid.  We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

    **1.**    Valderama argues that the prosecutor improperly commented on his

post-arrest silence in violation of his Fifth Amendment privilege against self-

incrimination by referring to his failure to tell Border Patrol Agent Schwartz that

he entered the United States for the purpose of receiving eye surgery in custody.

But each of the prosecutor's questions or comments that Valderama contests on

appeal reference Valderama's silence during Schwartz's pre-arrest encounter with

Valderama.  Moreover, there is no mention in the trial record of any post-arrest

interactions between Schwartz and Valderama from which the jury could have

mistakenly understood the prosecutor's comments to refer to Valderama's post-

arrest silence.  *Cf. United States v. Baker*, 999 F.2d 412, 415–16 (9th Cir. 1993).

Because "[t]he use of a defendant's pre-arrest, pre-Miranda silence is permissible

as impeachment evidence and as evidence of substantive guilt," there was no error.

*United States v. Beckman*, 298 F.3d 788, 795 (9th Cir. 2002).  And even if the

district court erred in denying Valderama's *Doyle* objections,[1] any error was

harmless beyond a reasonable doubt because there was additional evidence

---

[1] *Doyle v. Ohio*, 426 U.S. 610, 618 (1976).

2

undermining Valderama's arguments about his specific intent. *See United States v. Bushyhead*, 270 F.3d 905, 913 (9th Cir. 2001).

2.      The prosecutor's references to Valderama's prior removals did not result in plain error. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015). Not only is the evidence of Valderama's prior removals not improper propensity evidence under Federal Rule of Evidence 404(b) because the evidence forms "an essential element of the charged offense," *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1089 (9th Cir. 2007), but the prior removals were also probative of his specific intent to enter free from official restraint—the main issue at trial, *see United States v. Leos-Maldonado*, 302 F.3d 1061, 1065 (9th Cir. 2002). *See also United States v. McCollum*, 732 F.2d 1419, 1424 (9th Cir. 1984) ("Such a prior act can be probative of intent because the fact that the defendant had an unlawful intent at the time he committed the extrinsic offense makes it less likely that he had a lawful intent when he performed the acts charged as the present offense."). In any event, the prosecutor's comments on Valderama's prior removals did not affect Valderama's "substantial rights" or the "fairness, integrity or public reputation" of the proceedings, especially considering the other evidence of Valderama's guilt. *Leos-Maldonado*, 302 F.3d at 1064–65 (citation omitted).

3.      For the reasons above, reversal for cumulative error is also not

3

warranted. *See United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004).

4. The district court did not err in denying Valderama's motion to dismiss the attempted reentry charge pursuant to 8 U.S.C. § 1326(d) on the ground that the underlying removal order from 1998 was invalid. Even if Valderama's due process rights were violated by defects in the underlying removal proceeding,[2] which we do not decide, Valderama does not show that he suffered prejudice as a result of any defects because it is not "plausible" that an Immigration Judge "presented with all of the facts would exercise discretion in" Valderama's favor given his lengthy immigration history, demonstrated by his fifteen voluntary returns. *United States v. Gonzalez-Flores*, 804 F.3d 920, 927 (9th Cir. 2015) (citation omitted). Therefore, Valderama cannot establish that his 1998 removal order was "fundamentally unfair," one of the three requirements a noncitizen must meet to challenge the validity of his removal order under 8 U.S.C. § 1326(d).

**AFFIRMED.**

---

[2] We deny the government's motion to take judicial notice of and transmit the recording of the first half of the 1998 removal hearing filed at Dkt. 22.