Lucien B. Campbell, Federal Public Defender, Herbert E. Cooper, Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, Asst. U. S. Atty., Ronald P. Guyer, Trial Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank William DUDLEY, Defendant-Appellant.**

**No. 77–5083.**

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1977.

Frank William Dudley was convicted, after a jury trial, on a charge of transportation of a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C. § 2312. In this appeal Dudley asserts that his conviction should be reversed because the trial court erroneously admitted proof of a prior conviction for violation of the Dyer Act, which he contends violates Federal Rules of Evidence, Rules 403 and 404(b). We have considered the contention and find it to be without merit; accordingly, we affirm.

In September 1976 James Nunn, owner of a 1974 Buick automobile, drove from Michigan to Birmingham, Alabama, to visit a friend, Mary Smith, and stayed in the Smith house sharing a room with appellant Frank Dudley, who is the son of Ms. Smith. Nunn allowed Dudley to use his car on several occasions for driving around Birmingham. On September 10, 1976, Dudley drove the vehicle from his mother's house to Nunn's cousin's house and asked if he could

borrow the car to pick up his girl friend, that he would return in 45 minutes. Nunn consented. When Dudley failed to return by the next morning, Nunn notified the police and four days later Dudley was arrested at the Texas-Mexico border at El Paso in possession of the car and charged with its theft.

At the trial Nunn testified that he had not given Dudley permission to take the car to Texas or Mexico, that he had only given permission to take the car to pick up his girl friend and he was to return it in 45 minutes when he loaned it to him. Dudley did not testify. However, an FBI agent testified to a conversation with Dudley at the time of arrest to the effect that the defendant was unemployed in Birmingham and was working his way to California in search of employment, that he would have then returned the vehicle to Nunn in Detroit.

The Government introduced evidence over objection which showed that Dudley had previously been convicted on October 9, 1970, of a violation of the Dyer Act, 18 U.S.C. § 2312, for the offense of interstate transportation of a stolen motor vehicle. This evidence forms the basis of appellant Dudley's appeal, the Government urging that it was necessary for proof of motive, opportunity, intent, preparation, plan and knowledge, as authorized by Rule 404(b) of the Federal Rules of Evidence. The defense urges that proof of the prior offense violates Rule 404(b) as well as Rule 403 of the Federal Rules of Evidence. In *United States v. Arteaga-Limones,* 5 Cir., 1976, 529 F.2d 1183, 1197, we said that "[t]he propriety of admitting evidence of prior convictions to show intent is established by showing four factors: (1) plain, clear and convincing evidence of a prior similar offense; (2) not too remote in time; (3) in which intent is a material element; and (4) the proof of which is substantially needed by the government to the extent that material prejudice to the defendant is outweighed." *See also United States v. Urdiales,* 5 Cir., 1975, 523 F.2d 1245; *United States v. San Martin,* 5 Cir., 1974, 505 F.2d 918; *United States v. Bloom,* 5 Cir., 1976, 538 F.2d 704.

In considering the *Arteaga-Limones* principles in the circumstances of this case, we note that there is no doubt of the identity of the defendant, it being uncontradicted that he is the same person who was convicted in 1970 of the offense of interstate transportation of a stolen motor vehicle. The offense is not too remote in time since it occurred within six years of the present offense.

It is clear from the record that the defense was that defendant Dudley had borrowed the automobile in question and had not stolen it. Thus intent was a very material issue and the trial court therefore properly admitted proof of Dudley's prior conviction to establish it.

As we said in *United States v. Bloom,* 5 Cir., 1976, 538 F.2d 704, 709, a case in a different context but involving evidence of other crimes, "the trial judge must balance the probative value of the evidence of extrinsic bad acts against its possible prejudice to the defendant." We further said that "[a]s indicated by the discussion of the legislative history of Rule 404(b), *supra,* this balancing is left largely within the sound discretion of the lower court." We not only do not view Rule 404(b) as requiring a holding of error in this case; to the contrary, the rule supports the trial judge's ruling.

Rule 404(b) reads as follows:

Other crimes, wrongs, or acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Though the rule states that evidence of other crimes is not admissible to prove the character of a person, it is nevertheless "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The circumstances here fully warranted admission of evidence

of the prior conviction and we see no abuse of the trial judge's discretion in so ruling.[1]

When the evidence was admitted the court carefully gave a limiting instruction to the jury that the evidence was only being admitted "to show the state of mind or the intent, knowledge or lack of innocent purpose on the part of the defendant." Finding no error in the ruling of the trial court in the introduction into evidence of proof of the prior Dyer Act conviction, the judgment of conviction is

AFFIRMED.

---

1. Nor is Rule 403 of the Federal Rules of Evidence to the contrary under the facts of this case. The rule reads as follows:

    Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

As we have indicated, the defense, as shown by the cross-examination of defense counsel and by later witnesses (except the defendant himself who did not testify), bore down most strongly on the question of whether the vehicle was in fact borrowed rather than stolen. Thus the defense attempted to negate intent on the part of defendant. The Government, therefore, was properly permitted to demonstrate intent by use of proof of the prior conviction for an identical offense.