CRAWLEY, Judge,
concurring specially.
I conclude that the evidence of Carter’s 1977 conviction is not admissible pursuant to Rule 404(b), Ala.R.Evid. The Alabama Rules of Evidence became effective January 1, *264 1996, and they govern this case. Rule 404(b) states:
“(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof, of motivé, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. ...”
(Emphasis added.) Floyd seeks to introduce the 1977 conviction for purposes of showing that the Macon County Commission had knowledge, or a reason to know, that Carter would make unwanted sexual advances, an element of her negligent-hiring cause of action. See Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala.1993). The trial court, ruling that the conviction was too remote, would not admit the conviction into evidence. Several federal jurisdictions require that in order for a conviction to be admissible pursuant to the Rule 404(b) “other purpose” doctrine, the prior conviction must not be too remote. United States v. Hinton, 31 F.3d 817 (9th Cir.1994), cert. denied, 513 U.S. 1100, 115 S.Ct. 773, 130 L.Ed.2d 669 (1995); Jankins v. TDC Management Corp., 21 F.3d 436 (D.C.Cir.1994); United States v. Obiuwevbi, 962 F.2d 1236 (7th Cir.1992); United States v. Fields, 871 F.2d 188 (1st Cir.1989); and United States v. Dudley, 562 F.2d 965 (5th Cir.1977). I agree with Judge Holmes that the trial court did not abuse its discretion by barring the admission of the 1977 conviction on the basis that it was too remote.