# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2022

Lyle W. Cayce
Clerk

No. 20-40713
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MOHAMED IBRAHIM AHMED,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CR-151-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Mohamed Ibrahim Ahmed appeals his jury trial convictions and total 300-month sentence for attempting to provide material support or resources to designated foreign terrorist organizations, in violation of 18 U.S.C. § 2339B(a)(1), and making false statements involving international terrorism

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40713

to federal officers, in violation of 18 U.S.C. § 1001(a). Ahmed argues that the district court erred in granting the Government's motion in limine and admitting evidence of (1) his prior 2012 terrorism convictions, (2) his prior participation in a terrorist training camp, and (3) his prior criminal activity for a terrorist network in Sweden, asserting that none of the evidence was intrinsic or admissible as extrinsic evidence pursuant to Federal Rule of Evidence 404(b).

Ahmed preserved his claims by objecting to admission of the evidence before trial; accordingly review of the district court's evidentiary rulings is for an abuse of discretion. *United States v. Smith*, 804 F.3d 724, 735 (5th Cir. 2015). We apply an abuse of discretion standard when the district court admits intrinsic evidence. *United States v. Lucas*, 849 F.3d 638, 642-643 (5th Cir. 2017). However, we apply a "heightened" version of that standard when the district court admits extrinsic evidence under Rule 404(b) because the evidence in a criminal trial "must be strictly relevant to the particular offense charged." *Smith*, 804 F.3d at 735 (internal quotation marks and citation omitted).

Ahmed specifically argues that evidence of his participation in a terrorist training camp in 1997 was too remote in time to be intrinsic evidence and was not admissible pursuant to Rule 404(b) because the evidence was too remote and did not go to intent. Ahmed does not point out any case law citing time as a relevant factor when considering whether evidence is intrinsic. Moreover, the record reveals that the training camp evidence was intrinsic because it was "necessary preliminary" evidence, *United States v. Lugo-Lopez*, 833 F.3d 453, 460 (5th Cir. 2016) (internal quotation marks and citation omitted), or "necessary to complete the story of" the charged offenses, *United States v. Gonzalez*, 328 F.3d 755, 759 (5th Cir. 2003) (internal quotation marks and citation omitted) (concluding that prior arrests were admissible to show that a drug defendant made false exculpatory statements

relevant to knowledge).  Namely, the evidence demonstrated that Ahmed was familiar with the ideological roots of ISIS, supported its objectives, sought to further those objectives by attempting to train and recruit other inmates, and had at least some knowledge of bomb-making.

In addition, the training camp evidence was relevant to establish that Ahmed had knowledge which was essential to prove the elements of the charged offenses.  *See* FED. R. EVID. 404(b).  The training camp evidence tended to make Ahmed's knowledge of terrorist activities and bomb-making more probable.  *See United States v. Kinchen*, 729 F.3d 466, 472 (5th Cir. 2013).  Accordingly, the training camp evidence passes the first step of the two-step test outlined in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)(en banc), which states that the evidence (1) must be relevant to a non-character issue, and (2) "must possess probative value that is not substantially outweighed by its undue prejudice" under Federal Rule of Evidence 403.

As Ahmed asserts, under the second step of the *Beechum* analysis, the remoteness of the evidence in time militates in favor of exclusion.  *See Kinchen*, 729 F.3d at 473.  However, the other factors militate in favor of inclusion.  First, the evidence was consequential for the Government to prove knowledge and corroborate the testimony of witnesses whose credibility Ahmed challenged.  *See United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017) (noting that extrinsic evidence was "highly persuasive in corroborating" drug dealer's testimony).  Second, there were major similarities between the skills learned at the training camp and the offenses charged.  *See Kinchen*, 729 F.3d at 473; *Beechum*, 582 F.2d at 915.  Third, the district court provided a sufficient limiting instruction.  *See Kinchen*, 729 F.3d at 473.  Fourth, regarding the overall prejudice of the contested evidence, the evidence (1) did not provide facts that were more gruesome than the facts of the charged offenses; (2) was not "greater in magnitude" than the charged

No. 20-40713

offenses; and (3) did not "occupy more of the jury's time" than the other evidence. *Juarez*, 866 F.3d at 629 (internal quotation marks and citation omitted). Although the lengthy time gap is problematic, we have rejected challenges to similarly dated evidence when the other factors supported admission. *See United States v. Hernandez-Guevara*, 162 F.3d 863, 873 (5th Cir. 1998) (noting that earlier conviction "was nearly eighteen years old"); *United States v. Chavez*, 119 F.3d 342, 346 (5th Cir. 1997) (noting that "temporal remoteness" is not a "per se bar" under Rule 404(b)).

Regarding his prior alleged criminal activity for a terrorist network in Sweden, Ahmed argues that the evidence served only to scare the jury and was highly prejudicial, asserting that the evidence was not intrinsic because the alleged crimes were not clearly intertwined with the instant offenses of conviction and was not admissible extrinsic evidence because it was not relevant. Ahmed's long association with the Swedish terror network and his continued participation in the group's criminal activities demonstrated that, as the district court concluded, he had a "conduit" through which he could funnel would-be recruits into terrorist organizations; thus, making the evidence intrinsic because it "completes the story of the crime by providing the context of events," *United States v. Walters*, 351 F.3d 159, 166 n.2 (5th Cir. 2003). *See United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) (noting that intrinsic evidence was "admissible to complete the story of the crime by proving the immediate context of events in time and place"); *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992) (noting that intrinsic evidence is admissible to allow the jury to "evaluate all the circumstances under which the defendant acted" (internal quotation marks and citation omitted)).

The criminal activity evidence was also admissible under Rule 404(b) because it was relevant to establish that Ahmed had the intent, knowledge, and motive, among other things, to commit the offenses as charged. *See* FED.

R. EVID. 404(b).  The evidence tended to make Ahmed's recruitment efforts more plausible.  *See Kinchen*, 729 F.3d at 472.  Accordingly, the criminal activity evidence passes the first step of the *Beechum* analysis. *See id.*  Regarding the second step of the *Beechum* analysis, the evidence was needed for the Government to corroborate other testimony.  *See Juarez*, 866 F.3d at 627.  The Government acknowledges that the financial crimes were dissimilar from the offenses charged.  Where the extrinsic and charged offenses are not similar, "except for the common element of intent, the extrinsic offense may have little probative value to counterbalance the inherent prejudice of this type of evidence." *Beechum*, 582 F.2d at 915.  Still, although "the probative value of the extrinsic offense correlates positively with its likeness to the offense charged," elemental "equivalence" is "not required." *Id.*  Moreover, it is within "the sound discretion" of the district court to determine whether the probative value of evidence is substantially outweighed by "its undue prejudice." *Id.*

The criminal activity evidence was not too remote in time, as the facts predated the charged offenses by approximately six years. *See United States v. Dudley*, 562 F.2d 965, 966 (5th Cir. 1977) (noting that six-year-old offense was not too remote in time).  In addition, the district court gave an appropriate limiting instruction.  Also, the evidence was not unduly prejudicial to Ahmed because the extrinsic crimes were not more violent than the charged offenses such that they would evoke juror emotion and the evidence occupied a relatively miniscule amount of the jury's time. *See Juarez*, 866 F.3d at 629-30.  The *Beechum* factors militate in favor of inclusion.

Regarding evidence of his 2012 terrorism convictions, Ahmed asserts that the evidence was not intrinsic because his prior convictions had nothing to do with the instant offenses of conviction.  He further asserts that the evidence was not admissible pursuant to Rule 404(b) because there is no

direct relationship between his prior convictions and the alleged criminal conduct in the instant case.  As the district court concluded, evidence of Ahmed's 2012 terrorism convictions was intrinsic because it was intertwined with the instant terrorism charge and helped tell the story of why Ahmed was imprisoned in the United States, why he wanted to bomb the Brooklyn detention center, how he obtained a terrorism training manual, why he wanted to help ISIS members travel to the United States, and why he attempted to recruit and train new members of the terrorist organization.  *See Gonzalez*, 328 F.3d at 759.

In the alternative, the evidence was admissible as extrinsic evidence because it provided knowledge, intent, and motive for Ahmed's recruitment efforts and his desire to bomb the detention center.  *See* FED. R. EVID. 404(b)(2); *Smith*, 804 F.3d at 735.  As to the second step of the *Beechum* analysis, the Government had sufficient need of the evidence because it corroborated contested testimony.  *See Juarez*, 866 F.3d at 627.  Also, Ahmed's prior conviction for conspiracy to provide material support to a terrorist organization was similar to the charges as alleged in Count One.  *See Kinchen*, 729 F.3d at 473.  Moreover, the prior convictions were not too remote in time, as Ahmed committed the offenses in 2009.  *See id.* In addition, the district court gave a sufficient limiting instruction.  *See id.* Also, the evidence was not unduly prejudicial.  *See Juarez*, 866 F.3d at 629-30.  Admitting the evidence did not reveal any facts that were more violent than the facts of the offenses charged, nor was the evidence more likely to inflame the jury.  *See Juarez*, 866 F.3d at 629-30.

Ahmed has not demonstrated that the district court abused its discretion in admitting any of the challenged evidence as intrinsic evidence.  *See Lucas*, 849 F.3d at 642-43.  He also has not demonstrated that the district court committed a prejudicial abuse of discretion in alternatively concluding that the evidence also was admissible pursuant to Rule 404(b) as extrinsic

evidence. *See United States v. Williams*, 620 F.3d 483, 491 (5th Cir. 2010). Furthermore, even if the district court had committed error in admitting the challenged evidence, because there is "ample other evidence" of guilt, any error was harmless beyond a reasonable doubt, and Ahmed's substantial rights were not affected. *United States v. McCall*, 553 F.3d 821, 827, 829 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED.